UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EARNEST HAWKINS, JR.

         Petitioner,

v.

PATRICIA LECONEY

         Respondent.
_____

**DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL**

9-CV-263(S)(M)

    This action has been referred to me by Order of Hon. William M. Skretny for all proceedings necessary to a determination of the factual and legal issues presented, and to prepare and submit a Report and Recommendation [9].[1] Before me is petitioner's motion for appointment of counsel [8].

    Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, vacating his convictions for robbery in the first degree and grand larceny in the fourth degree because (1) he was deprived of his fundamental right to a jury trial; (2) his convictions are against the weight of the evidence; (3) his sentence is harsh and excessive; and (4) he was he was deprived of effective assistance of trial counsel. Petition [1]. Petitioner now moves for appointment of counsel pursuant to 28 U.S.C. §1915(e) "to guide and help [him] pursue [his] case" [8].

    "It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding . . . ; rather the appointment of counsel . . . is a matter of discretion." Bligen v. Woughter, 2010 WL 779330, *1 (S.D.N.Y. 2010) (citing Wright v. West, 505 U.S. 277, 293 (1992)). Thus, "in determining whether, in the interest of justice, counsel should be appointed

---

   [1]   Bracketed references are to the CM/ECF docket entries.

for a habeas petitioner, the Court considers the same factors as it considers on counsel applications by indigent plaintiffs under 28 U.S.C. §1915". McGrigg v. Killian, 2009 WL 536048, *1 (S.D.N.Y. 2009).

First, the court should "determine whether the indigent's position seems likely to be of substance." Hendricks v. Coughlin, 114 F. 3d 390, 392 (2d Cir. 1997). Once it is determined that the claim meets the threshold merits requirement, the Court should consider a number of other factors, including (1) the nature of the factual issues the claim presents, and petitioner's ability to conduct an investigation of the facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) petitioner's apparent ability to present the case; (4) whether the legal issues involved are complex; (5) whether appointment of counsel would lead to a quicker and more just determination of the case; and (6) petitioner's efforts to obtain counsel. *See* Hodge v. Police Officers, 802 F. 2d 58, 61-62 (2d Cir. 1986).

I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause". Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Romero v. Napoli, 2009 WL 212415, *1 (S.D.N.Y. 2009) (*citing* Cooper, 877 F.2d at 174).

With these considerations in mind, I find that the standard for appointment of counsel has not been met. Petitioner's motion merely states: "I would like to ask the court, if possible, that I may be granted an Court Appointed Attorney to guide and help me pursue the above case?" [8]. This request fails to demonstrate that he is unable to present any relevant facts or to understand his legal position. Similarly, petitioner's request fails to demonstrate that the legal issues in his case are complicated, or that appointment of counsel would lead to a more just determination.

Therefore, I find that the interests of justice do not necessitate the appointment of counsel in this case, and petitioner's motion for appointment of counsel is denied, without prejudice to renewal. At this time, it remains petitioner's responsibility to retain an attorney or to prosecute this action *pro se*. In order to assist petitioner in pursuing this case *pro se*, the clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED.**

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: July 19, 2010