UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EARNEST HAWKINS, Jr., 03-B-1322,

       Petitioner,

    -v-                                         09-CV-263(MAT)
                                                   **ORDER**
PATRICIA LeCONEY, Superintendent
of Washington Correctional Facility,

       Respondent.
_____

**I.**    **Introduction**

*Pro se* petitioner Earnest Hawkins, Jr. ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Supreme Court of Robbery in the First Degree (N.Y. Penal L. § 160.15(4)) and Grand Larceny in the Fourth Degree (§ 155.30(5)) rendered on April 6, 2004, following a non-jury trial before Justice Joseph D. Valentino. Petitioner was sentenced to a determinate sentence of ten years imprisonment on the robbery count, concurrent to an indeterminate sentence of two to four years on the grand larceny count.

**II.**   **Factual Background and Procedural History**

On January 23, 2003, David Douglas ("Douglas") was leaving a store in the area of Clifton Street and Jefferson Avenue in the City of Rochester around 8:00p.m. when he was robbed at gunpoint of cash and identification cards by petitioner and another man. T. 33-

45, 58.[1] Douglas knew both men from around the neighborhood. Id. When confronted by the police with the allegations that he had robbed Douglas, petitioner stated that he had "beat his ass" but that no gun was involved. According to petitioner's statement, Douglas made up the robbery incident because petitioner had been involved in a sexual relationship with Douglas' sister. T. 134-37. At his trial, petitioner's girlfriend testified that she was scheduled to work until 9:00p.m. the night of the robbery, and that petitioner usually stayed home to watch their child while she was at work. T. 103-11.

The court found petitioner guilty of the crimes charged. T. 193-94. He was subsequently sentenced as a second felony offender to ten years determinate on the robbery count concurrent to two to four years on the grand larceny count. S. 18.

Through counsel, petitioner filed a brief in the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Hawkins, 41 A.D.3d 1314 (4th Dept. 2007); lv. denied, 9 N.Y.3d 923 (2007). Petitioner also brought two *pro se* motions pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10/20 to vacate his conviction and sentence on the grounds of newly-discovered evidence, ineffective assistance of counsel, and because he was not provided with a copy of his pre-sentence

---

[1] Citations to "T.__" refer to pages of the trial transcript; citations to "S.__" refer to pages of the sentencing transcript.

investigation report. Resp't Appendix ("Appx.") G & J. Both motions were denied. Appx. I & L.[2]

Petitioner then filed a timely petition for writ of habeas corpus with this Court, seeking relief on the following grounds: (1) petitioner was denied his right to a jury trial; (2) the convictions were not supported by the weight of the evidence; (3) the sentence is harsh and excessive; and (4) ineffective assistance of trial counsel. Petition ("Pet.") ¶ 12. (Dkt. #1). Shortly after paying the filing fee, petitioner filed a motion for leave to proceed *in forma pauperis*. (Dkt. #2).

For the reasons that follow, the Court finds that petitioner is not entitled to the writ, and the petition is dismissed. Petitioner's motion to proceed as a poor person is also denied as moot.

**III. Discussion**

    **A.    General Legal Principles**

        **1.    Standard of Review**

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme

---

[2] While the petition alleges that petitioner sought leave to appeal those denials, there is no indication in the record that he did so. The respondent also denies that allegation. Resp't Answer, ¶ 4.

Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

**2. The Adequate and Independent State Ground Doctrine**

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that "the last state court rendering a judgment in the case clearly and expressly state[d] that its judgment rests on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

If a state court holding contains a plain statement that a claim is procedurally barred then the federal habeas court may not

4

review it, even if the state court also rejected the claim on the merits in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

### B. Merits of the Petition

#### 1. Right to a Jury Trial

Petitioner first claims that he did not knowingly and voluntarily waive his right to a jury trial because the trial court conducted an insufficient inquiry into his waiver. Pet. ¶ 12(a). The Appellate Division concluded that petitioner failed to preserve his contention for its review, and, in the alternative, that petitioner's claim lacked merit. Hawkins, 41 A.D.3d at 1314-15.

New York's Criminal Procedure Law requires that a defendant must contemporaneously object at trial in order to preserve a challenge to a trial court's ruling or instruction for review on direct appeal. See C.P.L. § 470.05(2); People v. Brunson, 307 A.D.2d 323 (2nd Dept. 2003). Petitioner did not raise his objection in the trial court, and the Appellate Division thus found it unpreserved pursuant to New York's "contemporaneous objection rule." Here, the state court's invocation of C.P.L. § 470.05(2) "unquestionably serves as an independent and adequate basis to preclude federal habeas review." Sandy v. Donelli, No. 05-CV-1994

5

(ENV), 2010 WL 2985651, *4 (E.D.N.Y. July 21, 2010) (citing, *inter alia*, Garvey v. Duncan, 485 F.3d 709 (2d Cir. 2007); Stewart v. Greene, No. 05 Civ. 0566(WHP)(THK), 2009 WL 4030833 (S.D.N.Y. Nov. 19, 2009)); see also Garcia v. Lewis, 188 F.3d 71 (2d Cir. 1999)("We, too, have recognized the propriety of such rules, noting that '[i]f a state appellate court refuses to review the merits of a criminal defendant's claim of constitutional error because of his failure to comply with ... a contemporaneous objection rule, a federal court generally may not consider the merits of the constitutional claim on habeas corpus review.'")(citing Peterson v. Scully, 896 F.2d 661, 663 (2d Cir. 1990)).

Because there is an adequate and independent finding by the Appellate Division that petitioner procedurally defaulted his jury trial waiver claim, he would have to show in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). He has not alleged any of the exceptions to overcome the procedural default, and this claim is therefore precluded from habeas review. See Wegman v. West, No. 04-CV-312 S, 2007 WL 2789733, *4 (W.D.N.Y. Sept. 24, 2007) (Skretny, D.J.)(finding petitioner's unpreserved jury trial waiver claim procedurally barred pursuant to adequate and independent state law ground).

In any event, petitioner's argument also fails on the merits. The right to trial by jury in criminal cases is a fundamental constitutional right. See Duncan v. State of Lousiana, 391 U.S. 145, 157-58 (1968). It is a protection which the defendant has the power to waive. Patton v. United States, 281 U.S. 276 (1930), overruled on other grounds by Williams v. Florida, 399 U.S. 78, 92 (1970). Before a waiver can be effective, it must be knowingly, voluntarily, and intelligently made, Johnson v. Zerbst, 304 U.S. 458, 464 (1938), and the consent of the prosecutor and the sanction of the court must be obtained. Patton, 281 U.S. at 312; United States v. Sun Myung Moon, 718 F.2d 1210, 1217 (2d Cir. 1983), cert. denied, 466 U.S. 971 (1984). Although waiver cannot be inferred from a silent record, Boykin v. Alabama, 395 U.S. 238, 242 (1969), a court is "not constitutionally required to conduct an on the record colloquy with a defendant prior to a waiver of the right to a jury trial." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993). The Supreme Court has explained that the voluntariness of a waiver of a constitutional right "can be determined only by considering all of the relevant circumstances surrounding it." Brady v. United States, 397 U.S. 742, 749 ((1970).

Here, prior to having petitioner sign a jury trial waiver before the court, defense counsel, in petitioner's presence, informed the court that he "discussed with [petitioner] at length his right to have a jury decide this case or to have the Court

decide this case and he does not wish to have a jury proceed and make a determination on this matter and does wish the Court to make a determination on this matter . . . and, therefore, he would like to waive his right to a jury trial and have the Court decide the facts." Hr'g Mins. dated 1/27/2004 at 3. The trial court then confirmed that petitioner had signed the waiver, and the following colloquy ensued:

> The Court: Mr. Hawkins, your attorney has submitted to me a waiver of jury trial form here and it indicates that you have been given a copy of the indictment; you were informed of all of your rights and that you understand that you have a right to have a trial here with a jury to decide whether or not you are guilty or not guilty, do you understand that?
>
> The Defendant: Sir, yes, sir.
>
> The Court: How old are you?
>
> The Defendant: Twenty-one, sir.
>
> The Court: And it says here that you waive your right to a trial by jury and you request that you be tried by the Court. In other words, tried by me without a jury, is that correct?
>
> The Defendant: Sir, yes, sir.
>
> The Court: Do you have any questions at this time?
>
> The Defendant: Sir, no, sir.

> The Court: The form that was submitted to me has a signature "Earnest Hawkins, Defendant", and a signature of "Brian Shulman, attorney for Defendant". Is that your signature that is on there, Mr. Hawkins?
>
> The Defendant: Sir, yes, sir.
>
> The Court: Then I will sign this as approved today and we will proceed with a trial by Court alone and there will be no delay.

Id. at 5-6.

The foregoing colloquy reveals that petitioner's waiver was knowing, voluntary, and intelligent under Federal law. "[N]othing more [is] required, either by [Fed.R.Crim.P.] Rule 23(a), or the Sixth Amendment" for a valid waiver of the right to a jury trial than the defendant's statement in open court that he waived jury trial, a written waiver executed in open court, consent by the prosecutor, and approval by the trial court. United States v. Hunt, 413 F.2d 983, 983-84 (4th Cir. 1969). Accordingly, the express waiver of petitioner's right to a jury trial, which was signed by petitioner, defense counsel, and the judge presiding over the case, and recited that petitioner was advised of his rights and was furnished with a copy of the indictment against him, evidences a valid waiver. See Philippe v. Lacy, No. 95 CV 4545, 1998 WL 440301 at *6 (E.D.N.Y. July 30, 1998) (habeas petitioner's claim that his jury trial waiver was not valid "is clearly without merit as the record reveals an express waiver of the petitioner's right to a

9

jury trial, which was signed by the petitioner, his counsel, and the judge presiding over the case."); Burnett v. Racette, No. 92-CV-785, 1996 WL 904018 at *4-5 (W.D.N.Y. May 17, 1996) ("the written waiver and brief colloquy sufficiently demonstrate that [petitioner] voluntarily, knowingly and intelligently waived his right to a jury trial."), report & rec. adopted, 1997 WL 251498 (W.D.N.Y. May 8, 1997).

The Appellate Division's alternative holding rejecting petitioner's jury trial waiver claim was therefore not contrary to, nor an unreasonable application of Supreme Court law.

### 2. Weight of the Evidence

As he did on direct appeal, petitioner contends that his convictions for robbery and larceny were not supported by the weight of the evidence. Pet. ¶ 12(b). The Appellate Division rejected petitioner's argument on the merits. Hawkins, 41 A.D.3d at 1315.

The respondent has correctly argued that challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole

or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. See U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

### 3. Harsh and Excessive Sentence

Likewise, petitioner cannot raise his challenge to the duration of his sentence in this forum. A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. See Fielding v. LeFevre, 548 F.2d 1102, 1109 (2d Cir. 1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus.")). A challenge to the term

of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Here, as a second felony offender, petitioner was subject to a mandatory determinate term of imprisonment upon his first-degree robbery conviction, which carried a range of eight to twenty-five years. N.Y. Penal L. §§ 160.15; 70.02(1)(a); 70.06(6)(a). Petitioner's ten-year sentence falls at the low end of the range prescribed by the New York State legislature. Accordingly, no constitutional infirmity has been presented and the claim is not subject to federal habeas review.

### 4. Ineffective Assistance of Trial Counsel

In his final ground for habeas relief, petitioner alleges that he was deprived of the effective assistance of counsel because "he was not provided with copies of discovery documents, a copy of the bill of particulars, Brady material, and grand jury minutes, and because his attorney did not advise him that he could have testified at the grand jury . . . ." Pet. ¶ 12(d). The record of the state court proceedings shows that petitioner requested his entire file after the trial had concluded, which defense counsel provided to him some time prior to sentencing. S. 11-15.

Petitioner raised this issue in his § 440.10 motion in state court, which held that "[s]ufficient facts appear on the record for

12

defendant to have raised the ineffective assistance of counsel claim on appeal. As such, his motion is subject to summary denial." See Decision and Order, Ind. No. 2003/0365, Supreme Court, Monroe County (Valentino, J.) dated 1/22/2009 at 3 (Appx. L) (citing C.P.L. § 440.10(2)(c)).[3]

Section 440.10(2)(c) is a state procedural rule that mandates the denial of any 440.10 motion where the defendant unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record. As the Second Circuit has recognized, the state court's invocation of this rule constitutes an adequate and independent state ground barring federal habeas review. E.g., Sweet v. Bennett, 353 F.3d 135, 139-40 (2d Cir. 2003); Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997); Aparicio v. Artuz, 269 F.3d at 91(2d Cir. 1991); Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995) (refusing to conduct federal habeas review of ineffective assistance of counsel claim where New York's appellate court found claim to be procedurally barred under C.P.L. § 440.10(2)(c)).

Petitioner has alleged neither cause nor prejudice, and has not made any attempt to establish factual innocence. This claim must therefore be dismissed as procedurally barred.

---

[3] The record does not indicate whether petitioner sought leave to appeal the denial of his § 440.10 motion. Even if properly exhausted, however, petitioner's ineffective assistance of counsel claim is subject to a procedural default barring habeas review.

**IV. Conclusion**

For the reasons stated above, Earnest Hawkins Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Further, petitioner's request to proceed a poor person is denied as moot.

**SO ORDERED.**

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: March 3, 2011
Rochester, New York